CLARKE, Appellant, vs. JOHNSON, Administrator, imp., Respondent.

*November 17—December 5, 1916.*

*Executors and administrators: Completing contract of decedent: Assumption of mortgage: Liability for deficiency: Judgment construed.*

1. The formal completion by an administrator, under authority of the county court, of a contract made by the intestate, under which land was to be conveyed to him and he was to assume a mortgage thereon, created no personal liability on the part of the administrator for the mortgage debt, nor preferred liability against the estate, but simply a liability on an equal footing with other debts contracted by the deceased.
2. The judgment rendered on foreclosure of such mortgage is construed to be in accordance with the rights and liabilities of the parties as above stated, although some provisions therein seem not to be in harmony with that construction.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an appeal from an order of the circuit court reversing an order of a court commissioner requiring the respond-

ent, as administrator of the estate of James P. Corry, to pay
to the appellant, *James L. Clarke,* out of funds of the estate
in his hands the amount of a deficiency judgment in a fore-
closure action.    The facts appearing in the record are briefly
as follows: One Soelch held a mortgage of $2,500 given by
Bascom B. Clarke covering certain real estate in Madison.
Clarke made a valid written agreement with one James P.
Corry to exchange said land for certain other lands owned by
Corry, each party to assume a mortgage covering the land
transferred to him.    Deeds were prepared to carry out this
agreement, but before their delivery Corry died and a special
administrator was appointed who was authorized by the
county court to carry out the contract with Clarke, and in
pursuance of that authority the deeds were exchanged.    Later
the defendant *Johnson* was appointed general administrator
of Corry's estate and received the assets thereof from the
special administrator.    Afterwards this action was brought
by Soelch to foreclose said mortgage, the defendants being
Bascom B. Clarke and wife, the widow and heir at law of
Corry, and the respondent *Johnson* in his capacity as admin-
istrator.    Bascom B. Clarke and wife answered, and by way
of cross-complaint set up the facts as to the exchange of lands
and claimed that as between themselves and the Corry estate
the estate is primarily liable for the indebtedness secured by
the mortgage.    The allegations of the cross-complaint were
not denied and judgment of foreclosure and sale was entered
August 4, 1914.    In this judgment it was found among
other things that on January 3, 1913, the administrator of
Corry's estate, under the authority of the county court, re-
ceived a warranty deed from Clarke of the mortgaged lands
wherein and whereby the administrator, "on behalf of said
estate," assumed and agreed to pay said mortgage and inter-
est, and that thereby said estate, through the defendant
*Johnson,* administrator thereof, "became personally liable"
for the mortgage debt, and that there is a contingent liability
against said estate to pay the deficiency that may arise on the

sale thereof.   In this judgment it was, among other things, adjudged that "the defendant Bascom B. Clarke, and *Thomas B. Johnson* in his capacity as administrator of the estate of James P. Corry, deceased, or his successor in office, are liable to the plaintiff" for the payment of the mortgage debt; also, that if the proceeds of the sale of the premises are not sufficient to pay the mortgage debt judgment for such deficiency "be separately rendered against Bascom B. Clarke and *Thomas B. Johnson,* administrator of the estate of James P. Corry, deceased, or his successor in office, who are personally liable therefor," . . . "to be docketed and enforced as in other cases;" also that "as between the defendants Bascom B. Clarke and *Thomas B. Johnson,* in his capacity as administrator of the estate of James P. Corry, deceased, or his successor in office, the administrator is primarily liable to said Clarke for such deficiency, and that the same be certified to the county court of Dane county, Wisconsin, for enforcement."

The premises were sold at foreclosure sale October 23, 1915, to Bascom B. Clarke for $2,350, leaving a deficiency of $743.78, and a deficiency judgment rendered November 6, 1915, by which it was adjudged that Soelch "recover of the defendants Bascom B. Clarke and *Thomas B. Johnson* in his capacity as administrator of the estate of James P. Corry, deceased, the sum of $743.78, with interest thereon from October 23, 1915," being the deficiency aforesaid.   On the same day Soelch assigned the deficiency judgment to *"James L. Clarke,* trustee," and his executors, administrators, and assigns, and execution was issued thereon in the usual form, with an indorsement by the attorney of *James L. Clarke* directing the sheriff to levy on the property of *Thomas B. Johnson* in his capacity as administrator of the estate of Corry.   The execution was returned unsatisfied, whereupon supplementary proceedings were commenced and the administrator on his examination before the commissioner disclosed the fact that he had in his possession as administrator real and personal property aggregating nearly $15,000 (of which

over $1,700 was cash in banks), and that the claims allowed against the estate amounted to $43,102.90, beside about $45,000 of claims still pending or contingent.   On this showing the commissioner ordered the administrator to pay over to the attorney for *James L. Clarke,* assignee, the deficiency judgment with the costs of the supplementary proceedings. This order was reversed by the circuit court, and from the order of reversal this appeal is taken.

For the appellant the cause was submitted on the briefs of *C. F. Lamb.*

For the respondent there was a brief by *Gilbert & Ela* and *Paul D. Carpenter,* and oral argument by *F. L. Gilbert.*

WINSLOW, C. J.   The contract of assumption of the mortgage was in fact a contract made by the deceased in his lifetime, and its formal completion by the exchange of deeds under the authority of the county court after Corry's death created no personal liability on the part of the administrator nor preferred liability against the estate, but simply a liability on an equal footing with other debts contracted by the deceased.

The language of the judgment is not fortunate nor apt, but we think that, taken altogether, it may properly be construed as the circuit judge who signed it construed it, namely, as a judgment neither imposing personal liability on the administrator nor giving the claim for deficiency preference over other debts, but declaring it to be a valid claim against the estate on a par with other claims to be certified to the county court for enforcement.

It is true that there are some provisions of the judgment which seem somewhat out of harmony with this construction, but we regard it as the dominant note and thought, the more so as it agrees with the law.   A critical review of the various provisions would be of no material value.   They may be found in the statement of the case.

*By the Court.*—Order affirmed.